**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sonia R Hutton, | No. CV-23-00805-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| XPO Logistics Freight Incorporated, et al., | |
| Defendants. | |

Defendants XPO Logistics Freight, Incorporated and Paul David Hartman ("Defendants") have filed a Motion for Judgment on the Pleadings seeking judgment on Plaintiff Sonia Hutton's ("Plaintiff") "negligence and negligence *per se*" claims under Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. 138 at 1). Plaintiff has filed a Response in opposition and Defendants have filed a Reply. (Docs. 148 & 167). The Court will deny Defendants' Motion.

**I.    Background[1]**

This is a trucking accident case. Plaintiff alleges that Defendant Hartman, a driver for Defendant XPO, encountered wet road conditions while operating a tractor-trailer, and as a result, drove into the oncoming lane of traffic on U.S. Route 60, striking a Buick Enclave occupied by Larry Adair, Janet Adair, Luann Overton, and Diane Adair ("Decedents"). (Doc. 1 at ¶ 1). Plaintiff, individually and on behalf of statutory

---

[1] Unless otherwise noted, these facts are taken from Plaintiffs' Complaint (Doc. 1). The Court will assume the Complaint's factual allegations are true, as it must in evaluating a motion to dismiss. *See Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001).

beneficiaries, asserts claims against Defendants for "negligence, negligence per se, negligent hiring, negligent qualifying, negligent training, negligent entrustment, negligent supervising, negligent retaining, and punitive damages." (*Id.* at ¶ 2). Specifically, Count One asserts a claim of "negligence and negligence *per se*" against Defendant Hartman. (*Id.* at ¶¶ 42–51). Defendants state that the negligence *per se* claim also applies to Plaintiff's vicarious liability claim asserted in Count Three since that claim requires Defendant Hartman be found negligent for Defendant XPO to be liable. (Doc. 138 at 12). Defendants now seek judgment on these claims. (*Id.*)

## II.     Legal Standard

Under Rule 12(c), any party may move for judgment on the pleadings "after the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). The pleadings are closed once a complaint and an answer have been filed. *See* Fed. R. Civ. P. 7(a); *see also Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005). A motion for judgment on the pleadings is functionally identical to a motion to dismiss brought under Rule 12(b)(6)—the same legal standard applies. *See Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011); *see also Alsadi v. Intel Corp.*, 2019 WL 935670, at *3 (D. Ariz. Feb. 26, 2019) ("Rules 12(b)(6) and 12(c) are substantially identical.") (citations omitted). However, unlike Rule 12(b)(6), a Rule 12(c) motion for judgment on the pleadings may be made by either party. *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 290 (N.D. Cal. 2002). In considering a motion for judgment on the pleadings, the court reviews the pleadings only. However, a document that is not attached to the complaint may be considered if it is referred to in the complaint and the authenticity of the document is not questioned. *See The Armored Group, LLC v. Supreme Corp.*, 2010 WL 2595280, at *2 (D. Ariz. June 24, 2010) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) requires the Court to evaluate the legal sufficiency of a plaintiff's claims. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). This test requires that the plaintiff present "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" with "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557. The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the counterclaimant. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. If the court dismisses a claim for failure to state a claim, it must then determine whether to grant leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

**III.   Defendants' Motion is Untimely**

Defendants argue that Plaintiff's negligence per se claim should be dismissed because (1) semi-truck drivers are held to the same standard as the rest of the motoring public, not a higher standard; (2) the Federal Motor Carrier Safety Regulations ("FMCSRs") do not mandate any action under the circumstances of this case to warrant a claim of negligence *per se*; and (3) Commercial Drivers Licenses, the FMCSRs and company manuals do not set forth an elevated standard of care for a negligence *per se* claim. (Doc. 136 at 5, 7, 9). Plaintiff argues that Defendants' Motion should be denied as

untimely, because negligence *per se* is an evidentiary doctrine and not a cause of action and because the Motion does not meet Rule 12(c)'s standards. (Doc. 148 at 2–3). The Court will deny Defendants' Motion as untimely.

A district court has discretion to deny a Rule 12(c) motion after "excessive delay." *Jones v. Town of Quartzsite*, 2014 WL 12617038, at *1 (D. Ariz. Feb. 24, 2014) (citing *Argo v. Woods*, 399 Fed.Appx. 1 (5th Cir. 2010)). "Ordinarily, a motion for judgment on the pleadings should be made ***promptly*** after the close of the pleadings." *Id*. (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 514 (1990) (emphasis added).

Plaintiff filed her Complaint on May 9, 2023. (Doc. 1). Defendants answered on May 24, 2023. (Doc. 10). This Motion was filed thirteen months later, on June 10, 2024. (Doc. 138). The Courts Scheduling Order originally required dispositive motions to be filed by May 1, 2024. (Doc. 28 at 4). The Court extended this deadline to October 28, 2024, at the parties' request. (Doc. 137). The deadline for amending pleadings lapsed on September 20, 2023. (Doc. 28 at ¶ 2).

Defendants' Rule 12(c) Motion comes extremely late. More than a year has passed between Defendants' Answer and this Motion. (*Compare* Doc. 10 *with* Doc. 138). Moreover, almost nine months have passed since the deadline for amending pleadings and this Motion. (*Compare* Doc. 28 at ¶ 2 *with* Doc. 138). Other courts in this district have found that this scenario "suggests Defendants strategically waited to file the motion until after the amendment deadline to make it more difficult for Plaintiff to cure any factual pleading deficiencies by amendment." *Jones*, 2014 WL 12617038, at *1. The Court will not speculate on whether Defendants' Motion was filed for a strategic purpose, but it will deny this Motion for excessive delay because it was not made "promptly after the close of the pleadings." *See id*. (denying a Rule 12(c) motion for judgment on the pleadings because it was filed "eight months after Defendants filed their Answer and ***two months after the pleading amendment deadline***") (emphasis added).

Accordingly,

1   **IT IS ORDERED** that Defendants' Motion for Judgement on the Pleadings
2   (Doc. 138) is **DENIED**.
3   Dated this 22nd day of January, 2025.

Honorable Diane J. Humetewa
United States District Judge